IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IRA R. LEON, | ) | |
| | ) | |
| Petitioner, | ) | 8:14CV16 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, MICHAEL | ) | MEMORANDUM AND ORDER |
| KENNEY, Director of the | ) | |
| Nebraska Department of | ) | |
| Corrections, and DIANE | ) | |
| SABATKA-RHINE, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

## I.  INITIAL REVIEW

Petitioner Ira Leon ("Leon" or "Petitioner") has filed a 184-page Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (Filing No. 1). Petitioner challenges his Nebraska state court convictions for first degree murder, robbery, and use of a deadly weapon in the commission of a felony. (*Id.* at CM/ECF p. 2.)

Rule 4 of the *Rules Governing Section 2254* cases requires this Court to conduct a preliminary review of habeas corpus petitions. During this review, the Court must determine whether it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. If this is the case, the Court must dismiss the petition.

Here, the Court cannot effectively conduct its preliminary review of the petition because it cannot identify Leon's claims for relief. Leon's arguments are strewn throughout his 184-page petition in no particular order, and are buried among pages of references to case law. Leon's grounds for relief are not labeled or clearly identified. In order to ensure a just resolution of this matter, Leon should clearly identify his claims for relief and their corresponding facts.

On the Court's own motion, the Court will give Leon 60 days in which to file an amended petition for writ of habeas corpus that clearly sets forth his claims for relief together with the facts in support of those claims. Leon may seek an extension of time if he needs additional time to draft the amended petition. The Court will direct the clerk's office to send to Leon the Form AO 241, Petition for Relief From a Conviction or Sentence By a Person in State Custody, which may assist him in organizing his habeas corpus petition.

II. **MOTION TO APPOINT COUNSEL**

Petitioner seeks the appointment of counsel (Filing No. 4). "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted).

-2-

As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and petitioner's motion, there is no need for the appointment of counsel at this time.

IT IS ORDERED:

1. Leon will have 60 days from the date of this Memorandum and Order to file an amended petition for writ of habeas corpus that clearly presents his claims for relief, together with the facts in support of those claims. Failure to file an amended petition for writ of habeas corpus may result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: July 21, 2014: deadline for Leon to file an amended petition for writ of habeas corpus.

      3.    The clerk's office is directed to send to Leon the Form AO 241, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

      4.    Leon's motion for the appointment of counsel (Filing No. [4](#)) is denied.

      DATED this 22nd day of May, 2014.

                                BY THE COURT:

                                /s/ Lyle E. Strom
                                _____
                                LYLE E. STROM, Senior Judge
                                United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.