IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IRA R. LEON, | |
| Petitioner, | 8:14CV16 |
| V. | |
| STATE OF NEBRASKA, and SCOTT R. FRAKES, Director of the Nebraska Department of Corrections, | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter is before the court on Petitioner's Motion to Reopen Time to File Appeal. (Filing No. 44.) The motion will be denied.

## BACKGROUND

On July 6, 2015, this court dismissed Petitioner's habeas petition and entered judgment. (Filing Nos. 32, 33.) On August 20, 2015, Petitioner filed a Notice of Appeal. (Filing 34.) On October 7, 2015, this court entered an order finding that Petitioner's Notice of Appeal was untimely. (Filing No. 37.) Accordingly, the court did not allow Petitioner to proceed in forma pauperis on appeal.

On November 3, 2015, the Eighth Circuit Court of Appeals dismissed Petitioner's appeal as untimely. (Filing No. 40.) The mandate was issued on November 27, 2015. (Filing No. 41.) Petitioner's request for rehearing was denied on December 28, 2015. (Filing No. 43.)

Petitioner filed his Motion to Reopen (Filing No. 44) on May 31, 2016.

# DISCUSSION

Petitioner admits he received notice of the court's July 6, 2015 judgment. However, he maintains that he did not receive notice from the district court clerk advising him as to the amount of time he had to file an appeal. Petitioner claims that, as a result, he missed the deadline for appealing the court's July 6, 2015 ruling. Accordingly, Petitioner maintains that he is entitled to relief under Fed. R. App. P. 4(a)(6).

Rule 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered if (1) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Fed. R. Civ. P. 77(d) of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. [Fed. R. App. P. 4(a)(6)](). "Rule 4(a)(6)'s 180-day period for filing a motion to reopen is mandatory and not susceptible to equitable modification." [*United States v. Erving*, No. 4:05CR3002, 2009 WL 762169, *1 (D. Neb. March 19, 2009)]().

Petitioner is not entitled to Rule 4 relief for multiple reasons. It is undisputed that Petitioner received notice of the July 6, 2015 judgment. Moreover, Petitioner did not file his Motion to Reopen within 180 days after the date the judgment was entered. Finally, as judgment was entered in this case nearly one year ago, the court is unable to conclude that no party would be prejudiced by reopening the appeal period at this time.

Further, the court notes that the Eighth Circuit Court of Appeals denied Petitioner's motion for rehearing on December 28, 2015, but Petitioner did not file his Motion to Reopen until May 31, 2016. Petitioner has offered no reasonable explanation for this five-month delay.

IT IS THEREFORE ORDERED that Petitioner's Motion to Reopen Time to File Appeal (Filing No. 44) is denied.

DATED this 2nd day of June, 2016.

BY THE COURT:

*Richard G. Kopf*
Supervising Pro Se Judge